

1776 Yorktown Street, Suite 570 • Houston, TX 77056
(p) 713.528.4455 • (f) 713.528.2047

June 10, 2014

*Via ECF, and*
*Via FedEx (Courtesy Copy)*
Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Vangelakos, et al. v. Wells Fargo Bank, et al.*, No. 1:13-cv-6574 (PKC)

Dear Judge Castel:

    As counsel for Plaintiffs, I write to respectfully request a pre-motion conference concerning our anticipated Motion to Quash and for Protective Order pursuant to FED. R. CIV. P. 26 and 45 in order to quash two subpoenas to be served upon Ramapo College and BTW Enterprises, Inc. by Defendants. Those subpoenas were delivered to Plaintiffs' counsel on June 6, 2014, and are to issue June 20, 2014. However, pursuant to the Case Management Plan and Scheduling Order, this Honorable Court established a discovery deadline of May 1, 2014. [*See* Scheduling Order, Doc. 18, ¶ 5].

    Defendants are well aware that the discovery cut-off date in this case was May 1, 2014. Indeed, as evidenced by the agreement below (on the record) involving counsel for Defendants and the undersigned, at the April 23, 2014 deposition of Ian King the parties agreed that the only exception to the May 1, 2014 discovery cut-off date are a small number of specifically identified depositions:

> MS. WILLS: …We have agreed that Ms. Ross' deposition may be taken after the May 1 discovery cutoff by agreement of the parties and we will try to schedule it at a mutually convenient time for the witness and the parties. Plaintiffs also have requested to depose both today and prior to today the deposition of Janice Osdoby and Michele Lee and, Mr. Watson, what is your response to that request?
>
> MR. WATSON: We believe that those depositions are not appropriate and will oppose them based on the for lack of a better term the Apex doctrine.

Letter to Judge Castel
Re: *Vangelakos*
June 10, 2014
Page 2 of 3

> MS. WILLS:  As we have indicated to Mr. Watson we intend to seek the court's ruling on whether or not plaintiffs' counsel will be allowed to depose those two witnesses and we understand that given the May 1 discovery cutoff that to the extent the court allows those depositions to go forward they may also take place after May 1 by agreement of counsel.
>
> MR. WATSON: True.  We also -- you also have agreed to make available the two other plaintiffs who have not been deposed.
>
> MS. WILLS: That's correct.
>
> MR. WATSON: After the discovery cutoff.
>
> MS. WILLS:  George Vangelakos and Joseph Koronakis are the plaintiffs that we have agreed that we will make available for deposition after the May 1 discovery cutoff and we will do that on a date that is agreeable for counsel and plaintiffs' witnesses.
>
> MR. WATSON: Very good.[1]

Defendants have nevertheless ignored the parties' agreement and this Court's Order that "[a]ll fact discovery shall be completed no later than May 1, 2014." [*See* Scheduling Order, Doc. 18, ¶ 5]. The parties never agreed to (or even discussed) the subpoenas that Defendants seek to serve several weeks after the close of discovery.

Looking to the subpoenas themselves, it is obvious that Defendants' intent is to harass and intimidate Plaintiffs Ian King and Barry Wayne.  With respect to Plaintiff King, Defendants seek from Ramapo College, among other things:

> Any and all school records regarding Ian R. King, including but not limited to, records regarding … disciplinary issues and/or actions; guidance and counseling; ***psychological testing and evaluations … disability and/or special education testing data and results, medical ailments, allergies, illnesses, diseases, injuries and/or other conditions or ailments***[.][2]

Mr. King's records from Ramapo College have no relevance to the issues in this case— whether Plaintiff worked off-the-clock at Wells Fargo and Wachovia.  The only use Defendants have for these records is to harass Mr. King.  This intent is underscored by the patent overbreadth of the subpoena, requesting medical, psychological and disciplinary records concerning Mr. King.  Those records are protected by Mr. King's privacy interests.

---

[1] King Deposition. pp. 152 – 154, attached as Exhibit 1.
[2] Ramapo Subpoena, attached as Exhibit 2.

With respect to Plaintiff Barry Wayne, Defendants seek from BTW Enterprises, Inc. "[a]ny and all of the Company's Business Records."[3] Prior to being employed with Defendants, Mr. Wayne worked at BTW Enterprises, Inc. and had an ownership interest in the company. Any records that BTW Enterprises, Inc. may have relating to Mr. Wayne have no relevance to the claims or defenses here, and as such, the request is harassing. *See, i.e., Vuona v. Merrill Lynch & Co., Inc.*, 2011 WL 5553709, at *9 (S.D.N.Y. Nov. 15, 2011) ( denying Merrill Lynch's request to subpoena documents from the plaintiffs' prior employers, stating **"The Court is completely unconvinced that these documents are relevant."** (emphasis added); *Barrington v. Mortgage IT, Inc.*, 2007 WL 4370647, at *4 (S.D. Fla. Dec. 10, 2007) (granting plaintiff's Motion to Quash, holding "that the records of Plaintiffs' former employers do not appear relevant to the claims or defenses herein— whether Plaintiffs worked for Defendant more than 40 hours a week without receiving overtime compensation[.]").

Moreover, Defendants' blanket request for "any and all" records is overbroad on its face and amounts to a fishing expedition. *Barrington*, 2007 WL 4370647, at *6; *see also EEOC v. Renaissance III Org.*, 2006 WL 832504 (N.D. Tex. March 30, 2006) (quashing subpoenas requesting complete personnel records from former employers as overbroad); *Maxwell v. Health Ctr. Of Lake City, Inc.*, 2006 WL 1627020, at *3 (M.D. Fla. June 6, 2006) (quashing subpoenas requesting complete personnel records from former employers as overbroad).

For all reasons stated above, most notably the fact that discovery in this matter is closed absent an agreement otherwise (and there is no agreement here), as well as the irrelevance of the discovery sought and the obvious intent to harass and intimidate Mr. King and Mr. Wayne, Plaintiffs respectfully request a pre-motion conference concerning our anticipated Motion to Quash and for Protective Order. Plaintiffs further request an expedited ruling on this matter. The subpoenas to Ramapo College and BTW Enterprises, Inc. are to be served **June 20, 2014**— almost two months after the discovery deadline established by this Court. Plaintiffs request an expedited ruling on the merits of this Motion not only to preserve Plaintiffs' privacy and other rights under the law, but to protect Plaintiffs from harassment and intimidation.

We appreciate the Honorable Court's consideration of this request to quash these untimely, irrelevant and harassing subpoenas.

Respectfully submitted,

*Rhonda H. Wills*

Rhonda H. Wills

cc: Michael DiChiara, Esq. (via ECF)
     John M. Padilla, Esq. (via ECF)
     Timothy M. Watson (via ECF)
     Robert S. Whitman, Esq. (via ECF)
     Adam Smiley, Esq. (via ECF)

---

[3] BTW Enterprises, Inc. Subpoena, attached as Exhibit 3.