Page 1

King
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
GEORGE VANGELAKOS, IAN KING,
JOSEPH KORONAKIS, AND BARRY
WAYNE, Individually and on
Behalf of All Others Similarly
Situated,

        Plaintiffs,

   against   Case No. 13 CV 6574

WELLS FARGO BANK, N.A.,
WELLS FARGO & COMPANY,
WFC HOLDINGS CORPORATION,
WACHOVIA CORPORATION, AND
WACHOVIA BANK, N.A.

        Defendants.
-------------------------------x

     IAN RICHARD KING
     New York, New York
     Tuesday, April 23, 2014

Reported by: Steven Neil Cohen, RPR
Job No. 111194

---

Page 2

```
 1             King
 2        April 23, 2014
 3          10:24 a.m.
 4
 5      Videotaped Deposition of IAN
 6   RICHARD KING, taken by Defendants, pursuant
 7   to notice, at the offices of Seyfarth Shaw
 8   LLP, 620 Eighth Avenue, New York, New York,
 9   before Steven Neil Cohen, a Registered
10   Professional Reporter and Notary Public of
11   the State of New York.
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

---

Page 3

```
 1                King
 2             APPEARANCES
 3
 4   SEYFARTH SHAW LLP
 5   700 Milam Street
 6   Suite 1400
 7   Houston, Texas 77002-2797
 8       Attorneys for Defendants
 9   BY:   TIMOTHY M. WATSON, ESQ.
10         KENDRA K. PAUL, ESQ.
11
12   WILLS LAW FIRM
13   1776 Yorktown
14   Suite 600
15   Houston, Texas  77056
16       Attorneys for Plaintiffs
17   BY:   RHONDA H. WILLS, ESQ.
18
19   PADILLA & RODRIGUEZ, LLP
20   1776 Yorktown
21   Suite 110
22   Houston, Texas 77056
23       Attorneys for Plaintiffs
24   By:   JOHN M. PADILLA, ESQ.
25   ALSO PRESENT:
         Andrew Ritchie, Videographer
         Andrew Ritchie, Videographer
```

---

Page 4

```
 1                King
 2
 3       IT IS HEREBY STIPULATED AND
 4   AGREED, by and between counsel for the
 5   respective parties hereto, that the sealing
 6   and filing of the within deposition be
 7   waived; that such deposition may be signed
 8   and sworn to before any officer authorized
 9   to administer an oath; that all objections,
10   except as to form are reserved to the time
11   of trial.
12
```

EXHIBIT
1

Page 149

King
BY MR. WATSON:
Q. Were you at your desk when you were sending the e-mails?
A. Yes.
Q. Is there any way you could have sent the e-mails while not being at your desk?
A. No. The only -- that was the only tool at our desk to send e-mails.
Q. Were you eating at your desk when you sent the e-mail?
A. I mean, I don't know for sure but it seems like it.
Q. Okay.
MR. WATSON: Exhibit 19.
(Notice of Consent was marked King Exhibit 19 for identification)
MR. WATSON: Exhibit 20.
(Notice of Consent was marked King Exhibit 20 for identification)
MR. WATSON: I just have one copy of this.
I take it back.

Page 150

King
BY MR. WATSON:
Q. Exhibits 19 and 20 are notice of consents that have been filed with the court in this case and in a prior case that are signed by you; is that right? Is that your signature on both documents?
A. Yes.
Q. Do you recall signing these documents?
A. Yes.
Q. Do you know, have you signed any other consents or joined any other lawsuits?
MS. WILLS: Objection. Vague and ambiguous. And it is compound. The term "consents" is vague and ambiguous.
BY MR. WATSON:
Q. Do you understand the question?
A. Related to the case that we are speaking of today or related to any other case?
Q. Anything. The case today or any other case.
A. Yes. The only other civil suit I

Page 151

King
was ever a part of or class action was a Slim Fast class action that I received a letter in the mail for.
Q. Did you get some big money?
A. Six bucks.
MR. WATSON: Can we take a break?
MS. WILLS: How much time do you want to take a break?
MR. WATSON: We are going to be comfortably through.
THE VIDEOGRAPHER: The time now is 2:32 p.m.
This marks the end of tape number 3.
Going off the record.
(Recess)
MS. WILLS: Let the record reflect that in this cause plaintiffs have requested of defendant's counsel that the following witnesses be produced, Veronica Ross, Janice Osdoby and Michele Lee.
Tim Watson, lead counsel for

Page 152

King
defendants, has indicated to me that defendants will produce Veronica Ross as a witness in this matter if he is able to reach her.
MR. WATSON: Yes. We would certainly like to. She is a management employee and we will attempt to and I -- if she is in town I am sure we will be able to but she is no longer an employee just with that caveat.
We will try to reach her as soon as possible and make her available.
MS. WILLS: And to the extent that defendants do not make her available defendants' counsel understand that plaintiff's counsel will subpoena Ms. Ross for her deposition.
We have agreed that Ms. Ross' deposition may be taken after the May 1 discovery cutoff by agreement of the parties and we will try to schedule it at a mutually convenient

```
                                    Page 153
 1                  King
 2   time for the witness and the parties.
 3        Plaintiffs also have requested
 4   to depose both today and prior to
 5   today the deposition of Janice Osdoby
 6   and Michele Lee and, Mr. Watson, what
 7   is your response to that request?
 8        MR. WATSON:  We believe that
 9   those depositions are not appropriate
10   and will oppose them based on the for
11   lack of a better term the Apex
12   doctrine.
13        MS. WILLS:  As we have indicated
14   to Mr. Watson we intend to seek the
15   court's ruling on whether or not
16   plaintiffs' counsel will be allowed to
17   depose those two witnesses and we
18   understand that given the May 1
19   discovery cutoff that to the extent
20   the court allows those depositions to
21   go forward they may also take place
22   after May 1 by agreement of counsel.
23        MR. WATSON:  True.  We also --
24   you also have agreed to make available
25   the two other plaintiffs who have not
```

```
                                    Page 154
 1                  King
 2   been deposed.
 3        MS. WILLS:  That's correct.
 4        MR. WATSON:  After the discovery
 5   cutoff.
 6        MS. WILLS:  George Vangelakos
 7   and Joseph Koronakis are the
 8   plaintiffs that we have agreed that we
 9   will make available for deposition
10   after the May 1 discovery cutoff and
11   we will do that on a date that is
12   agreeable for counsel and plaintiffs'
13   witnesses.
14        MR. WATSON:  Very good.
15        THE VIDEOGRAPHER:  The time now
16   is 2:49 p.m.
17        This marks the beginning of tape
18   number 4.
19        We are back on the record.
20        MR. WATSON:  Exhibit 21.
21        (E-mail was marked King Exhibit 21
22   for identification)
23   BY MR. WATSON:
24        Q.  Mr. King, you are now looking at
25   an exhibit that has been marked Exhibit
```

```
                                    Page 155
 1                  King
 2   Number 21.
 3        Do you see that?
 4        A.  Yes.
 5        Q.  Page 1 shows a message from Ian
 6   King at a Yahoo account.  Is that your
 7   personal e-mail account?
 8        A.  Yes.
 9        Q.  It is sending something to your
10   Wachovia account, is that right?
11        A.  No.  It looks like it is coming
12   from my Wachovia account and it is going to
13   my personal account.
14        Q.  Okay.  Earlier I believe you
15   testified that you did not send work e-mails
16   to your home account or vice versa.
17        Is that what this appears to be?
18        A.  This looks like a personal airline
19   ticket that I purchased through the
20   Wachovia, to get discounts through, I don't
21   know what it is called but it looks like I
22   sent it from my work e-mail to my personal
23   e-mail but I bought it through our work
24   system so there was no other way to send it.
25        Q.  Okay.  So did you ever use your
```

```
                                    Page 156
 1                  King
 2   personal e-mail account to -- for Wachovia
 3   business?
 4        A.  No.
 5        Q.  Can you go to page 5595?
 6        Do you see at the bottom where it
 7   has those page numbers?  Do you see at the
 8   bottom where it has the page numbers?
 9        A.  Yes.  5595.
10        Q.  Is this more personal stuff that
11   you are sending from your -- either from
12   your work to home or vice versa?
13        A.  Yes.  It looks like my wife
14   forwarded me something from our priest to my
15   work e-mail but that wasn't my doing.
16        I sent it to my personal because
17   it didn't belong in my work e-mail.  That --
18   Father Jerry is our priest.
19        Q.  Go to page 28260 please.
20        A.  28260.  Is it towards the back
21   or --
22        Q.  Do you see at the bottom 28260?
23        A.  Yes.
24        Q.  Do you see that?
25        A.  28260.
```