## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

GEORGE VANGELAKOS, IAN KING, JOSEPH :
KORONAKIS, AND BARRY WAYNE, Individually :
and on Behalf of All Others Similarly Situated :
-against- :
WELLS FARGO BANK, N.A., WELLS FARGO & : CIVIL ACTION NO. 13-CV-6574 (PKC)
COMPANY, WFC HOLDINGS CORPORATION, :
WACHOVIA CORPORATION, AND WACHOVIA :
BANK, N.A. :

## DELIVERY SLIP

Pertaining To:   BTW Enterprises, Inc.

From:   Kim Tindall & Associates, LLC
        645 Lockhill Selma, Suite 200
        San Antonio, TX 78216
        (210) 697-3400  Fax (210) 697-3408

Date:   June 6, 2014

Deliver To:   John M. Padilla
              Padilla & Rodriguez, LLP
              1776 Yorktown, Suite 110
              Houston, TX 77056
              (713) 574-4602  Fax (713) 574-4601

Enclosed:   [X] Notice of Intention
            [ ] Notice of Cross-Questions
            [ ] Notice of Delivery
            [ ] Other _____

NUMBER OF PAGES ____9____ INCLUDING THIS COVER PAGE

**EXHIBIT 3**

Order No. 3009. 001

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE VANGELAKOS, IAN KING, JOSEPH KORONAKIS, AND BARRY WAYNE, Individually and on Behalf of All Others Similarly Situated<br>-against-<br>WELLS FARGO BANK, N.A., WELLS FARGO & COMPANY, WFC HOLDINGS CORPORATION, WACHOVIA CORPORATION, AND WACHOVIA BANK, N.A. | CIVIL ACTION NO. 13-CV-6574 (PKC) |

## WAIVER OF NOTICE

Our client, Timothy Watson, has commissioned Kim Tindall & Associates, LLC to obtain records on BTW Enterprises, Inc. from the following custodian for use in the above referenced case.

IF COPIES ARE DESIRED, PLEASE INDICATE BELOW BY MARKING Y OR N. Original records will be held inhouse for 30 days. Copies may not be available after that time.

_____  1  BTW Enterprises, Inc. (Business Records)

I agree that I and/or my firm will be responsible for payment of the copies of records ordered on this waiver. I acknowledge that invoices are due and payable within 30 days of receipt and that actions for collection of services are performable and payable in County, Texas.

_____  I DO AGREE TO WAIVE THE NOTICE PERIOD.
_____  I DO NOT AGREE TO WAIVE THE NOTICE PERIOD.

Dated: June 6, 2014

_____
Signed

John M. Padilla
Padilla & Rodriguez, LLP
1776 Yorktown, Suite 110
Houston, TX 77056
(713) 574-4602  Fax (713) 574-4601
Attorney for Plaintiff
SBA # 00791395

Please Return To:   Kim Tindall & Associates, LLC
                    645 Lockhill Selma, Suite 200
                    San Antonio, TX 78216
                    (210) 697-3400  Fax (210) 697-3408 or ccromwell@ktanda.com

NOTE:  RETURN OF THIS FORM IS REQUIRED WITHIN FOURTEEN (14) DAYS TO PROCESS YOUR REQUEST. ANY CANCELLATION OF THE ABOVE MUST BE IN WRITING. IF THE RECORDS HAVE ALREADY BEEN COPIED AND FEES INCURRED, THEN BILLING WILL BE PRORATED ACCORDINGLY.

Order No. 3009

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

GEORGE VANGELAKOS, IAN KING, JOSEPH KORONAKIS, AND BARRY WAYNE, Individually and on Behalf of All Others Similarly Situated
-against-
WELLS FARGO BANK, N.A., WELLS FARGO & COMPANY, WFC HOLDINGS CORPORATION, WACHOVIA CORPORATION, AND WACHOVIA BANK, N.A.

: CIVIL ACTION NO. 13-CV-6574 (PKC)

## NOTICE OF INTENTION
## TO TAKE DEPOSITION BY WRITTEN QUESTIONS

To Plaintiff by and through their attorney(s) of record: John M. Padilla (Padilla & Rodriguez, LLP), Michael DiChiara (Krakower DiChiara LLC) and Rhonda H. Wills (Wills Law Firm)

You will please take notice that fourteen (14) days from the service of a copy hereof with attached questions, a deposition by written questions will be taken of Custodian of Records for:

BTW Enterprises, Inc. (Business Records)

before a Notary Public for    Kim Tindall & Associates, LLC
645 Lockhill Selma, Suite 200
San Antonio, TX 78216
(210) 697-3400   Fax (210) 697-3408

or its designated agent, which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above named court. Notice is further given that request is hereby made as authorized under Rule 45, Federal Rules of Civil Procedure, to the officer taking this deposition to issue a subpoena duces tecum and cause it to be served on the witness to produce any and all records as described on the attached questions and/or Exhibit(s) and any other such record in the possession, custody or control of the said witness, and every such record to which the witness may have access, pertaining to:

BTW Enterprises, Inc.

and to turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made and attached to said deposition.

*Timothy Watson /RL*
Timothy Watson
SBA # 20963575
Federal ID # 12953
Esteban Shardonofsky
SBA # 24051323
Seyfarth Shaw LLP
700 Milam Street, Suite 1400
Houston, TX 77002
(713) 225-2300   Fax (713) 225-2340

Robert S. Whitman
Adam J. Smiley
Seyfarth Shaw LLP
620 Eighth Avenue
New York, NY 10018
(212) 218-5500   Fax (917) 344-1258

Attorneys for Defendant

Order No. 3009

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all Counsel of Record by hand delivery, FAX, and/or certified mail, return receipt requested, on this day.

Dated: June 6, 2014                                            by _Ruth Ann Lindgren_

Order No. **3009**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

GEORGE VANGELAKOS, IAN KING, JOSEPH
KORONAKIS, AND BARRY WAYNE, Individually
and on Behalf of All Others Similarly Situated
-against-
WELLS FARGO BANK, N.A., WELLS FARGO &
COMPANY, WFC HOLDINGS CORPORATION,
WACHOVIA CORPORATION, AND WACHOVIA
BANK, N.A.

CIVIL ACTION NO. 13-CV-6574 (PKC)

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for: **BTW Enterprises, Inc.**
Records Pertaining To: **BTW Enterprises, Inc.**
Type of Records: **Any and all of the Company's Business Records**

1. Please state your full name and title.

   Answer: _____

2. Have you received a subpoena, corresponding to this request, to produce documents pertaining to BTW Enterprises, Inc.?

   Answer: _____

3. Are these memoranda, reports, records, or data compilations, outlined in the subpoena duces tecum, pertaining to the above-named person, in your custody or subject to your control, supervision or direction?

   Answer: _____

4. Are you able to identify these aforementioned records as the originals or true and correct copies of the originals?

   Answer: _____

5. Was the method of preparation of these records trustworthy?

   Answer: _____

6. Are the copies which you have handed to the Officer taking this deposition true and correct copies of such memoranda, reports, records, or data compilations.

   Answer: _____

7. Were such memoranda, reports, records, or data compilations kept in the regular course of business of this facility?

   Answer: _____

Order No. 3009.001

8. In the regular course of business, did the person who signed or otherwise prepared these records either have personal knowledge of the entries on these records or obtain the information ro make such records from sources who have such perosnal knowledge?

    Answer: _____

9. Were the entries on these records made at or shortly after the time of the transaction recorded?

    Answer: _____

10. Please mail or hand to the Officer taking this deposition copies of the memoranda, reports, records, or data compilations. Have you complied? If not, why?

    Answer: _____

11. Are any memoranda, reports, records, or data compilations requested in the subpoena duces tecum being withheld or have been withheld? If so, please describe the memoranda, reports, records, or data compilations and the reason they are being withheld.

    Answer: _____


_____
WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


_____
NOTARY PUBLIC

My Commission Expires: _____

AO 88 (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# United States District Court
## FOR THE
## SOUTHERN DISTRICT OF NEW YORK

GEORGE VANGELAKOS, IAN KING, JOSEPH
KORONAKIS, AND BARRY WAYNE, Individually
and on Behalf of All Others Similarly Situated
-against-
WELLS FARGO BANK, N.A., WELLS FARGO &
COMPANY, WFC HOLDINGS CORPORATION,
WACHOVIA CORPORATION, AND WACHOVIA BANK, N.A.

Civil Action No.: 13-CV-6574 (PKC)

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

TO:   Custodian of Records for:   BTW Enterprises, Inc.
                                  831 Monroe St., Apt. 418
                                  Hoboken, NJ  07030

X *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| The office of the custodian: 831 Monroe St., Apt. 418 Hoboken, NJ 07030 | Instanter |

This deposition will be recorded by this method: **DEPOSITION BY WRITTEN QUESTIONS**

X *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material pertaining to: BTW Enterprises, Inc.:

**Any and all of the Company's Business Records**

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 6, 2014

*CLERK OF COURT*

OR

_____                *Timothy Watson /lc*
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing Wells Fargo Bank, N.A., et al, who issues or requests this subpoena, are:
Timothy Watson
Seyfarth Shaw LLP
700 Milam Street, Suite 1400, Houston, TX  77002
Main Phone Number: (713) 225-2300

Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Order No. 3009.001

AO 88 (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 13-CV-6574 (PKC)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Order No. 3009.001

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Order No. 3009.001