

1776 Yorktown Street, Suite 570 • Houston, TX 77056
(p) 713.528.4455 • (f) 713.528.2047

June 24, 2014

*Via ECF, and*
*Via Facsimile: (212) 805-7949*
Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

      Re:    *Vangelakos, et al. v. Wells Fargo Bank, et al.*, No. 1:13-cv-6574 (PKC)

Dear Judge Castel:

      As counsel for Plaintiffs, I write in reply to Defendants' June 13, 2014 correspondence relating to Plaintiffs' request to quash subpoenas that Defendants issued in this matter which are untimely and well outside the discovery cut-off and are overly broad and harassing and seek irrelevant and confidential information. Defendants once more neglect this Court's Order that "[a]ll fact discovery *shall* be completed no later than May 1, 2014." (emphasis added). [Doc. 18, ¶ 5]. That discovery deadline has long passed. And, importantly, Defendants do not deny that the only exception to the May 1, 2014 discovery cut-off date the parties have agreed to is for a select number of specifically identified depositions.

      This case involves wage and hour violations under the Fair Labor Standards Act and New York Labor Law. The discovery cut-off was May 1, 2014. The only discovery that the parties agreed upon beyond the discovery cut-off was for a very limited number of specifically identified depositions. Defendants nevertheless continue to attempt to initiate discovery (without any agreement) that could have been conducted within the prescribed discovery period had Defendants acted diligently in seeking discovery. Indeed, while they argue that "Defendants were not aware of the need to subpoena [BTW] and Ramapo College" before the May 1, 2014 discovery cut-off date, [Doc. 45, p. 1], Defendants acknowledge that on *January 22, 2014* Plaintiffs objected to written discovery that sought this same information. Specifically, Defendants made the following requests for answers to interrogatories and for production of documents:

**[IAN KING] REQUEST FOR PRODUCTION NO. 37:**

All documents related to your participation or enrollment in any academic program during your employment with Wells Fargo and/or Wachovia, including but not limited to your class schedules and class location.

**[BARRY WAYNE] INTERROGATORY NO. 9:**

Please identify all entities to which you applied for employment during your employment with Wells Fargo and/or Wachovia.

To this discovery, Plaintiffs lodged their objections in good faith and were within their right to rest on those objections. Defendants never moved to compel answers to interrogatories or for production of documents. Defendants therefore cannot now be heard to complain that Plaintiffs failed to answer Defendants' discovery requests. *American Nat. Red Cross v. Nichols Team, Inc.*, 434 F.Supp.2d 142, 144, n. 1 (W.D. N.Y. 2006) ("Nor can Architectura be heard to complain that the Red Cross has not answered its interrogatories, as it never moved to compel the Red Cross to do so.").

Defendants' lack of diligence is further highlighted by the fact that even after Defendants received Plaintiffs' objections and then took the depositions of Plaintiffs Ian King on April 22, 2014 and Barry Wayne on April 23, 2014 (within the discovery period), Defendants waited **_six weeks_** until June 6, 2014 and long after the expiration of the discovery period, before seeking to serve subpoenas upon Ramapo College and BTW Enterprises, Inc. Defendants provide no explanation for this delay, nor can they.

Putting Defendants' lack of diligence aside, Defendants provide this Court no authority supporting their position that Defendants are entitled: (1) from BTW Enterprises, Inc. "[a]ny and all of the Company's Business Records;"[1] and (2) from Ramapo College, "any and all school records regarding Ian R. King, including" medical, psychological and disciplinary records.[2]

Defendants cite two cases from outside this District — *Galaviz-Zamora v. Brady Farms, Inc.*, 230 F.R.D. 499 (W.D. Mich. 2005) and *Montoya v. S.C.C.P. Painting Constractors, Inc.*, 530 F.Supp.2d 746 (D. Md. 2008) — that allegedly stand for the proposition that "defendants are entitled to discovery about concurrent employers in FLSA cases." [Doc. 41, p. 3]. However, in neither of those cases did the district court compel the production of documents. In *Galaviz-Zamora*, the court did state that defendants are entitled to plaintiffs' work history, but ordered only that plaintiffs "execute an affidavit *identifying* every employer for whom they were employed during the time period they claim to have also worked for [d]efendants." *Galaviz-Zamora*, 230 F.R.D. at 503 (emphasis added). Likewise, in *Montoya*, the court *in dicta* only stated that the "names and addressed for each [other] employer for whom named plaintiffs worked" was relevant. *Montoya*, 530 F.Supp.2d at 751.

Here, Defendants do not merely seek the names and addresses of Plaintiff Barry Wayne's employer, which they already know, but rather seek from BTW Enterprises, Inc. "[a]ny and all of the Company's Business Records."[3] As explained by Plaintiffs in their June 10, 2014 correspondence to the Court, any records that BTW Enterprises, Inc. may have relating to Mr. Wayne have no relevance to the claims or defenses here. *Vuona v. Merrill Lynch & Co., Inc.*, 2011 WL 5553709, at *9 (S.D.N.Y. Nov. 15, 2011).

Moreover, Defendants' blanket request for "any and all" records is overbroad on its face and compliance with the subpoena will result in Defendants receiving a plethora of documents,

---

[1] [Doc. 40-3]
[2] [Doc. 40-2]
[3] [Doc. 40-3]

Letter to Judge Castel
Re: *Vangelakos*
June 24, 2014
Page 3 of 4

the vast majority of which would be completely unrelated to any possible issue in this case. *See, e.g., Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 256 (S.D. Ohio 2011); *Richards v. Convergys Corp.*, 2007 WL 474012, at *4 (D. Utah Feb. 7, 2007); *Barrington v. Mortgage IT, Inc.*, 2007 WL 4370647, at *6 (S.D. Fla. Dec. 10, 2007); *EEOC v. Renaissance III Org.*, 2006 WL 832504 (N.D. Tex. March 30, 2006); *Maxwell v. Health Ctr. Of Lake City, Inc.*, 2006 WL 1627020, at *3 (M.D. Fla. June 6, 2006). The intent behind Defendants' subpoena is clear: to harass and intimidate.

Defendants' true intent is made evident when focusing on the subpoena to be served upon Ramapo College concerning Plaintiff Ian King. While Defendants argue that they are "entitled to know how many classes King took while working for Defendants, when those classes were scheduled, and his attendance at those classes," [Doc. 41, p. 5], the subpoena is not at all limited in this scope. That subpoena seeks from Ramapo College, among other things:

> Any and all school records regarding Ian R. King, including but not limited to, records regarding ... disciplinary issues and/or actions; guidance and counseling; psychological testing and evaluations ... disability and/or special education testing data and results, medical ailments, allergies, illnesses, diseases, injuries and/or other conditions or ailments[.][4]

There can be no dispute that Mr. Kings' medical, psychological and disciplinary records are irrelevant and confidential. This was made clear by the court in *Cruthis v. Visionis*, 2013 WL 6332679, at *3 (E.D. Ark. Dec. 5, 2013) — the sole case cited by Defendant on this issue — where the court held that "Defendants' overly broad request for [all educational] records likely will lead to the production of irrelevant and potentially confidential information, such as health, medical, and financial information."

While the court in *Cruthis* did find that educational records may be relevant, it readily acknowledged that "several cases in FLSA actions in other districts ... have determined that subpoenas for plaintiffs' entire personnel files and educational records were overly broad on their face." *Id.* at *2, citing *Hendricks*, 275 F.R.D. at 253-55; *Barrington*, 2007 WL 4370647, at *4-6; *Singletary v. Sterling Transport Co., Inc.*, 289 F.R.D. 237, 241-42 (E.D. Va. 2012). That is the case here.

The subpoenas to BTW Enterprises, Inc. and Ramapo College should be quashed on both relevancy and over-breadth grounds, as well as being untimely and outside the discovery cut-off. We appreciate the Honorable Court's consideration of this request.

Respectfully submitted,

*Rhonda H. Wills*
Rhonda H. Wills

---

[4] [Doc. 40-2]

cc:   Michael DiChiara, Esq. (via ECF)
      John M. Padilla, Esq. (via ECF)
      Timothy M. Watson, Esq. (via ECF)
      Robert S. Whitman, Esq. (via ECF)
      Adam Smiley, Esq. (via ECF)